Citation Nr: 1522699 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 13-15 172 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a psychiatric disorder

2. Entitlement to service connection for a psychiatric disorder.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

K. Osegueda, Associate Counsel


INTRODUCTION

The Veteran served on active duty from May 1970 to January 1972. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

In February 2014, the Veteran testified at a hearing before the undersigned Veterans Law Judge at the RO. A transcript of the hearing has been associated with the record.

Although the RO adjudicated the issue as a claim to reopen a claim for entitlement to service connection for PTSD, the Board considers the claim as characterized above to be more accurate. The Veteran had previously claimed service connection for a nervous condition in June 1984 that generally denied all psychiatric conditions, and he sought to "amend" his claim for service connection for PTSD to include a claim for service connection for paranoid schizophrenia as a result of PTSD in September 2012. See Velez v. Shinseki, 23 Vet. App. 199, 204 (2009) (citation omitted) (noting that to "reflexively" conclude that a new diagnosis is a new claim could limit benefits in claims that would otherwise relate back to prior proceedings).

In addition to the paper claims file, there are Virtual VA and Veterans Benefits Management System (VBMS) electronic claims files associated with the Veteran's claim. A review of the documents in the electronic files reveals a copy of the hearing transcript and VA treatment notes that are relevant to the claim. The remaining documents are either duplicative of the evidence in the paper claims file or are irrelevant to the issue on appeal.

In June 1991, the Veteran submitted a statement that he intended to reopen a claim for service connection for psychological problems. He also indicated that he felt that his psychological problems were "the direct result of being forced against [his] will to endure treatment to include being forced to take medication at the VA Hospital." Thereafter, the evidence of record reveals an October 1991 request for a VA opinion to address the Veteran's contentions that his psychological problems were related to VA treatment (specifically denoted as a 38 U.S.C.A. § 351 issue); however, it appears that the Veteran's claims file was unable to be located at the time of the request. In December 1991, a VA report of contact indicated that once the Veteran's claims file was located, the request would be transferred to Nashville for a VA medical opinion. It does not appear that any further development was conducted with respect to this issue. As the agency of original jurisdiction (AOJ) has not yet adjudicated this issue, the Board does not have jurisdiction over the matter, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014).

The issue of entitlement to service connection for an acquired psychiatric disorder, to include PTSD and paranoid schizophrenia, is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In a July 1984 rating decision, the RO denied the Veteran's claim of service connection for an acquired psychiatric disorder, claimed as a nervous condition.

2. The Veteran was notified of the July 1984 rating decision and of his appellate rights, but he did not appeal that determination. There was also no new and material evidence received within one year of that determination. 

3. The evidence received since the July 1984 rating decision, by itself, or in conjunction with previously considered evidence, relates to an unestablished fact necessary to substantiate the claim of service connection for a psychiatric disorder.
CONCLUSIONS OF LAW

1. The July 1984 rating decision, which denied service connection for a nervous condition, is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.156, 20.200, 20.201, 20.302, 20.1103 (2014). 

2. The evidence received subsequent to the July 1984 rating decision is new and material, and the claim for service connection for a psychiatric disorder is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran's claim of service connection for a nervous condition was considered and denied by the RO in a rating decision dated in July 1984 on the basis that the diagnosed adjustment disorder was development and not subject to service connection. The Veteran was notified of that decision and of his appellate rights; however, he did not submit a notice of disagreement. In general, rating decisions that are not timely appealed are final. See 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103. There was also no evidence received within one year of the issuance of the decision. Therefore, the rating decision is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.156(b), 20.200, 20.201, 20.302, 20.1103 (2014).

In February 2010, the Veteran requested that his claim of service connection for PTSD be reopened. In September 2012, he requested that his claim for service connection for PTSD be amended to include entitlement to service connection for paranoid schizophrenia, to include as due to PTSD. As noted above, the Board has recharacterized the underlying issue as entitlement to service connection for an acquired psychiatric disorder, to include PTSD and/or paranoid schizophrenia.

The evidence of record at that time of the rating decision in July 1984 included the Veteran's service treatment records and post-service VA treatment notes. In that decision, the RO found that there was no evidence of treatment for, complaints of, or a diagnosis of a nervous condition while on active duty. The RO concluded that the Veteran's post-service diagnosis of an adjustment disorder with depressed and anxious mood was a "constitutional and developmental abnormality" and it was not a disability for which compensation was payable. 

The evidence associated with the claims file subsequent to the July 1984 rating decision includes various statements from the Veteran, post-service private treatment notes, VA treatment notes, a March 2009 VA examination report, and testimony from the February 2014 hearing. The majority of this evidence is new, in that it was not previously of record and is not cumulative or redundant of the evidence already considered. With regard to whether the evidence is material, the new evidence includes a May 2007 VA medical opinion that the Veteran's mental disorder dated back to his Air Force service "even though there is not clear documentary proof of that." The March 2009 VA examination report diagnosed schizophrenia, paranoid type, chronic. The examiner stated that the Veteran's inservice stressful experiences might be so stressful as to set in motion the Veteran's longstanding psychosis. Accordingly, the Board finds that new and material evidence has been presented to reopen the Veteran's previously denied claim of service connection for a psychiatric disorder. However, as will be explained below, the Board is of the opinion that further development is necessary before the merits of the Veteran's claim can be addressed.


ORDER

New and material evidence having been submitted, the claim of entitlement to service connection for a psychiatric disorder is reopened.


REMAND

Remand is necessary for outstanding treatment records and for a VA medical opinion. 

With respect to the outstanding treatment records, the Board notes that the most recent VA treatment notes associated with the claims file are dated in 2010. Additionally, the record indicates that the Veteran was treated for mental health issues during an incarceration in Arizona in 1994. However, it does not appear that any attempts have been made to obtain these records. In a May 2006 VA treatment note, the Veteran indicated that he had been required to undergo court-ordered mental health treatment at a private facility. Although there are some private treatment notes pertaining to treatment at that facility, it is unclear whether all of the records have been obtained. In addition, various VA treatment records indicate that the Veteran applied for and was awarded disability benefits from the Social Security Administration (SSA), dating back to at least 1990. However, the records pertaining to the Veteran's SSA application are not yet associated with the claims file.

Further, the Board finds that a remand is required regarding the psychiatric disorder for a clarifying examination and opinion. As discussed above, a May 2007 VA treatment record documents an examiner's opinion that the Veteran's mental disorder dated back to his Air Force service "even though there is not clear documentary proof of that." In addition, the March 2009 VA examiner did not provide an opinion in the examination report, but suggested that in-service stressful experiences could have precipitated the Veteran's psychosis.

Accordingly, the case is REMANDED for the following action:

1. Contact the appropriate VA Medical Center and obtain and associate with the paper or virtual claims file all outstanding records of treatment. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his or her representative. 

2. Contact the Veteran and afford him the opportunity to identify by name, address, and dates of treatment or examination any relevant medical records, to specifically include any mental health treatment during his 1994 incarceration and any court-ordered mental health treatment at a private facility specified in a May 2006 VA treatment note. Subsequently, and after securing the proper authorizations where necessary, make arrangements to obtain all the records of treatment or examination from all the sources listed by the Veteran which are not already on file. All information obtained must be made part of the file. All attempts to secure this evidence must be documented in the claims file, and if, after making reasonable efforts to obtain named records, they are not able to be secured, provide the required notice and opportunity to respond to the Veteran and his representative.

3. Contact the SSA and obtain and associate with the claims file copies of the Veteran's records regarding SSA benefits, including any SSA administrative decisions (favorable or unfavorable) and the medical records upon which the decisions were based. If any requested records are not available, or the search for any such records otherwise yields negative results, that fact must clearly be documented in the claims file. Efforts to obtain these records must continue until it is determined that they do not exist or that further attempts to obtain them would be futile. The non-existence or unavailability of such records must be verified and this should be documented for the record. Required notice must be provided to the Veteran and his representative.

4. After completing the foregoing development, afford the Veteran a VA psychiatric examination to determine the presence and etiology of any diagnosed psychiatric disorders, including PTSD and/or paranoid schizophrenia. The examiner should perform any and all studies, psychological tests, and evaluations deemed necessary. The examiner should also review all pertinent records associated with the claims file; including the Veteran's post-service medical records, lay statements and assertions, and the March 2009 VA examination report. An explanation for all opinions expressed must be provided. If an opinion cannot be provided without resort to speculation, it must be noted in the examination report, and an explanation provided for that conclusion. 

This review should include Veteran's lay assertions as to service and his current symptoms. The Veteran has contended that he developed PTSD as a result of his experiences while serving in Thailand. Specifically, he has alleged that he was involved in top secret missions that are not documented in his service personnel records, that he was unable to handle the stress of demanding hours as an airframe repair specialist, that he was kicked by the crew chief in front of other squadron members when he grounded a plane, and that he was involved in the Iran Contra affair.

The examiner should determine whether the diagnostic criteria to support the diagnosis of PTSD have been satisfied. If the examiner deems the PTSD diagnosis appropriate, he or she should then comment upon the link between the current symptomatology and any verified in-service stressor, including fear of hostile military or terrorist activity. 

Regardless of whether the examiner determines that the Veteran has a PTSD diagnosis, he or she should state whether the Veteran has a diagnosis for any other psychiatric disorder, including paranoid schizophrenia. If so, the examiner must provide an opinion regarding whether it is at least as likely as not that the disorder is causally or etiologically related to the Veteran's military service. The examiner should also state whether it is at least as likely as not that any current schizophrenia manifested in service or within one year of separation from service.

5. Notify the Veteran that it is his responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). In the event that the Veteran does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to the last known address. It must also be indicated whether any notice that was sent was returned as undeliverable.

6. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998). 

7. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be readjudicated. If the claims remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs